FORET, Judge.
The trial court has handed down excellent written reasons for judgment in this matter, and with minor supplementation, we adopt his reasons as our own. We quote:
“This is a suit for damages for the alleged negligence of the defendant, Ten-neco, Inc., to properly maintain a valve site servitude on plaintiff’s land.
“The servitude in question was acquired by a judgment of expropriation awarded to Tenneco in Civil Suit No. 34,437, Tenneco, Inc. v. Clarence Leon Richey, Fifteenth Judicial District Court, Parish of Acadia. Said judgment was rendered on December 1, 1971. The judgment of expropriation forms a part of the record and is identified as Exhibit P-1. Plain *261 tiff Richey contends that the defendant agreed to level, shell, fence and surround the servitude area with earthen levees so that it would always present a neat and attractive appearance. Plaintiff further contends that the area is now rutted and overgrown with weeds and brush so that it is very unattractive and presents a nuisance to him and his family. Plaintiff alleges that he continually requested Ten-neco to correct the situation, received assurances that they would do so, but to this date Tenneco has failed to take any steps toward remedying the situation. Plaintiff feels he had no other recourse but to file this proceeding.
“Tenneco answered plaintiff’s suit and supplemented its original answer with an affirmative plea of transaction and compromise.[1] Defendant later filed an Exception of Res Judicata based on a Memorandum of Agreement entered into between Richey and Tenneco. The Memorandum forms part of the record as an attachment to a Request for Admission of Facts and Authenticity of Documents. Richey’s admission as to the authenticity also forms part of the record. The Court and all parties agreed to refer the Exception to the Merits of the case.
“The Court will first consider the exception of res judicata. If the Memorandum of Agreement is in fact a release, plaintiff’s cause must fall. LSA-C.C. 2286.[2] Richey argues that the memorandum in question was a release of the clean-up and restoration duties for which Tenneco was bound to furnish pursuant ito the judgment of expropriation, but the release was only for those portions of the right of way relating to the construction of the pipeline. Richey further urges that the release does not encompass the valve site which is the object of this proceeding.
“A plain reading of the release does not support this argument. The release clearly states that it is a settlement of all differences arising out of the expropriation judgment.
“It being intended by this compromise settlement and release that all differences between the parties arising out of the acquisition of the right of way and easement and the litigation which resulted in the judgment rendered by the 15th Judicial District Court in and for the Parish of Acadia, Louisiana, entitled “Tenneco, Inc. v. Clarence Leon Richey, Docket Number 34,487”, and the construction of the pipeline across subject property are hereby resolved and released. It is specifically understood that the release herein granted by Clarence Leroy [sic] Richey to Tenneco, Inc., its agents, contractors, and employees relieves the said Tenne-co, Inc., its agents, contractors and employees from the performance of any additional clean up or restoration operations and Clarence Leon Richey assumes full and complete responsibility for such clean up and restoration of the total area utilized during the construction of the pipeline.” (Emphasis added by Court.)
*262 “Reviewing the judgment rendered in the expropriation suit, the Court finds said judgment included the area that is in dispute:
“ . . . plaintiff (Tenneco) shall have the right to utilize the tract of land described as Parcel “A — 1” on the attached plat upon which there will be constructed certain tie-over and valve settings, part of which will be above ground installations and Plaintiff (Ten-neco) may fence said parcel of ground in order to protect Plaintiffs installations thereon.” (Emphasis added by Court)
“After reading the two instruments, the Court can reach no conclusion other than a settlement and release was entered into between Richey and Tenneco releasing Tenneco of all clean-up and restoration obligations it owed on Richey’s land. For this reason the Exception of Res Judicata is hereby sustained, dismissing plaintiffs suit for damages.
“Plaintiff also filed a Rule to recover attorneys fees for the alleged arbitrary refusal of the defendant to answer certain written interrogatories. This matter was also submitted to the merits of the case. After reviewing the record in this matter, the Court finds that the defendant’s refusal to answer the interrogatories in question was neither arbitrary nor capricious. The prayer for attorney fees is denied. LSA-C.C.P. 1511.
“For the above and foregoing reasons, the exception of res judicata is sustained, dismissing plaintiff’s suit. The prayer for attorney’s fee is denied. All costs of these proceedings are to be paid by plaintiff.”
The judgment of the trial court is affirmed. Costs .of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.

. Louisiana Civil Code provides as follows with reference to a transaction or compromise:
“Article 3071 A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner in which they agree on, and which every one of them prefers to the hope of gaming, balanced by the danger of losing.
“This contract must be reduced into writing. “Article 3073 Transactions regulate only the differences which appear clearly to be com-pr-hended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them. .
“Article 3078 Transactions have, between the interested parties, a force equal to the authority of things adjudged. . . . ”

. LSA-C.C. 2286 “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”